PONDER, Judge.
Plaintiff appeals from a denial of recov- • ery of property damage under a subrogation agreement.
The issue is: Is the contributory negligence of an employee driving a company car not in the course and scope of his employment imputable to the employer so as to bar recovery by the latter’s insurer from a negligent third party. We reverse and render.
We accept the lower court’s finding that the employee and defendant’s son were negligent and that the negligence of both caused the accident.
However, the employee was proceeding in a company car to a softball game after working hours. There was no evidence or finding that the employee was acting for his employer at the time of the accident. The court simply made a statement that if the employee could not recover the employer’s insurer could not recover. We disagree.
Negligence is imputed to an employer by LSA-C.C. Art. 2320, which reads as follows:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. “Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
“In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.”
We conclude that the employee was not in the exercise of the function in which he was employed. There is, therefore, no imputation of negligence to the employer. Defendant does not contend the employer was primarily negligent. Therefore, there is no bar to recovery by the plaintiff from one of two tort feasors.
The judgment dismissing plaintiff’s suit is reversed. There is now judgment in favor of plaintiff and against the defendant in the sum of $325.80 plus interest and costs. The costs of this appeal are cast against the defendant.
REVERSED AND RENDERED.